UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE YATES, | ) | CASE NO.  4:12cv1551 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOHN KASICH, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Pierre Yates filed this action under 42 U.S.C. § 1983 against Ohio Governor John Kasich, Cuyahoga County Executive Edward Fitzgerald, Cleveland Mayor Frank Campbell, Cuyahoga County Medical Examiner Thomas P. Gilson, Cuyahoga County Prosecutor Bill Mason, Cleveland Chief of Police Michael McGrath, Ohio Eighth District Court of Appeals Judge Sean C. Gallagher, and Ohio Eighth District Court of Appeals Judge Colleen Conway Cooney. In the complaint, plaintiff alleges he was wrongfully arrested and convicted of aggravated murder. He seeks a judgment by this Court declaring the defendants' actions to be illegal and awarding him monetary damages.

**Background**

Plaintiff alleges very few facts in his complaint. He briefly describes an altercation between himself and the murder victim. He alleges the victim drove into on-coming traffic in an attempt to stop the plaintiff's vehicle. He indicates that the victim then exited his car and approached plaintiff's vehicle. Plaintiff claims he shot the victim

in self-defense. The victim died as a result of his injuries.

Plaintiff asserts sixteen claims for relief.[1] In his first claim, Plaintiff contends he acted in self-defense. He asserts the Defendants engaged in malicious prosecution and denied him due process when they charged him with aggravated murder "where detective knew that Plaintiff had C.P.R. training and military first aid training." (ECF No. 1 at 3-4.)

Plaintiff's second claim is very disjointed. Plaintiff states his vehicle was seized, which "permitt[ed] and encourag[ed] known perjured testimony, to be produced in a warrant." (ECF No. 1 at 4.) He indicates a witness testified that the victim's cousin shot the victim and "the suspected relative is where other [sic] relative state [sic] he is at." (ECF No. 1 at 4.) He claims the search of his vehicle did not yield the discovery of visible blood, clothing or items identified by witnesses as being worn by the shooter, nor items identified in the warrant. He indicates there was ammunition on the floor under the driver's and passenger's seats. He then states the ammunition was stored in the glove box. He contends that, but for the seizure of the vehicle before the issuance of the warrant, the evidence would not have been used at trial. He claims it violated his Fourth and Fourteenth Amendment rights.

In his third claim, plaintiff contends he received ineffective assistance of counsel which led to the denial of equal protection and due process. He indicates the State of Ohio, Cuyahoga County and the police officers allowed incomplete findings and decisions to be made which led to an increased prison sentence and "more malicious

---

[1] Plaintiff lists sixteen claims for relief. He included claims one through eight in paragraphs 1 through 77, and then lists eight additional claims which he numbered one through eight in paragraphs 78 through 97.
2

prosecution." (ECF No. 1 at 5.)

In plaintiff's fourth claim, he asserts he should have been permitted to retain new counsel. He states he was told that if he terminated the services of his attorney prior to trial, he would have to proceed *pro se*. He states his appellate counsel failed to challenge the imposition of consecutive sentences and the inclusion of the firearm specification. He claims this placed him in double jeopardy since use of the firearm is part of a conviction for murder.

In his fifth claim, plaintiff asserts violations of his Fifth, Sixth and Fourteenth Amendment rights. He claims the courts ignored Ohio law on issues of allied offenses, and failed to adhere to their own appellate court decisions.

Plaintiff's sixth claim contains allegations of denial of plaintiff's Sixth and Fourteenth Amendment rights. He contends he filed a motion for new trial within six months. He indicates post conviction relief must be filed within 180 days. He points out that many state and federal collateral attacks provide for one year to file the motion. He believes he should have been given one year to file his motion. His appeal was dismissed as untimely. He contends he was denied due process and equal protection.

Plaintiff's seventh claim contends the State's forensics expert gave conflicting testimony. He states the expert indicated he found gunshot primer on plaintiff's hand which suggested plaintiff had either fired a weapon or was in close proximity to a gun that was fired. He testified at trial that plaintiff may also have touched a surface that had gunshot primer on it. Plaintiff asserts that this was a violation of his Sixth and Fourteenth Amendment rights.

In his eighth claim, plaintiff alleges that the medical examiner would not

3

allow plaintiff to have the DNA report from trial and all samples collected. He alleges this violated his constitutional rights.

Plaintiff's ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth claims are all similar. He asserts that the Cleveland Police Homicide Unit, the Cuyahoga County Prosecutor, the medical examiner and Judges from the Ohio Eighth District Court of Appeals acted willfully and maliciously and encouraged false testimony. He claims the Court of Appeals judges failed to allow appointment of new counsel and allowed his appellate counsel to incompetently investigate the offense, conviction, and sentence.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

As an initial matter, plaintiff cannot use a civil rights action to collaterally attack his conviction. A person convicted of an offense may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). This is true regardless of the nature of the relief sought by the plaintiff. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).

Plaintiff's claims all attack his conviction or his sentence. He claims he should not have been arrested because he shot the victim in self defense. He claims the victim's cousin shot the victim. He challenges the impound and search of his vehicle

claiming he would not have been convicted without the evidence found in the car. He asserts he should have been given new counsel and his appeal was unfairly dismissed as untimely. He feels he should not have been convicted of a gun specification and should not have received consecutive sentences. He claims he was subjected to malicious prosecution. If found to have merit, all of these claims would call into question the validity of his conviction. As such, plaintiff must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He claims his appeal was denied as untimely. He has not alleged his conviction was set aside by a federal writ of habeas corpus. Consequently, this action must be dismissed.

Moreover, none of the defendants is subject to suit under 42 U.S.C. § 1983 for the actions alleged in the complaint. Governor Kasich, Judge Gallagher, and Judge Conway Cooney cannot be sued in their official capacity for damages. An official capacity claim asserted against a state or local government officer is the equivalent of a claim asserted against the government entity the officer represents. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). John Kasich is the Governor of the State of Ohio. The Eighth District Court of Appeals is also an arm of the State of Ohio. The claims against Governor Kasich, Judge Gallagher, and Judge Conway Cooney in their official capacities are construed as claims against the State itself. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir.1997); *see also Will*, 491 U.S. at 71. The Eleventh Amendment is an absolute bar to the imposition of liability upon States or their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Similarly, claims against Edward Fitzgerald, Thomas Gilson, and Bill Mason are construed against Cuyahoga County while claims against Frank Jackson and

6

Michael McGrath are construed against the City of Cleveland. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff alleges in general terms that:

> the State of Ohio, the County of Cuyahoga, and the City of Cleveland is [sic] liable for wrongfully arrest [sic] unlawful search and seizure, improper investigation, racial discrimination and malicious prosecution because the state has tolerated and permitted and sustained and affirmed the pattern on minority indigent persons and has failed to maintain a proper system for reviewing these rights infringements by the prosecutors, police officer and other officers and authorities of the courts, with the results that the officers and authorities of the court, prosecutors and police detectives are encouraged to believe that they violate the rights of persons, such as the plaintiff with impunity.

(ECF No 1 at 2.) This statement is insufficient to demonstrate municipal liability. "A plaintiff . . . must 'identify the policy, connect the policy to [the defendant] itself and show that the particular injury was incurred because of the execution of that policy.'" *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir.2004) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1994)). The complaint contains no suggestion of a custom or policy of the City of Cleveland or Cuyahoga County which

may have resulted in the deprivation of a federally protected right of the plaintiff.

Plaintiff cannot bring claims against the judges in their individual capacities. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Plaintiff cannot overcome the presumption of immunity under the first criteria. The determination of whether an action is performed in the defendant's judicial capacity, depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump* 435 U.S. at 362. Looking first to the "nature" of the act, the Court must determine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the Court to assess whether the plaintiff dealt with the judge in his or her judicial capacity.

Upon applying these principles, it is evident on the face of the pleading

that Judge Gallagher and Judge Conway Cooney were acting in their judicial capacities at all times that the conduct alleged in plaintiff's complaint occurred. The issuance of appellate opinions concerning the timeliness of a motion for a new trial are actions normally performed by judges serving on an Ohio court of appeals. Furthermore, plaintiff interacted with the judges only when they were performing their judicial duties. Plaintiff cannot overcome the broad application of judicial immunity under these criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of *all* jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity because the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Id.* Actions taken in complete absence of all jurisdiction are those that are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122. Conversely, merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations set forth in the complaint which reasonably suggest that these judges acted outside of the subject matter jurisdiction of the Ohio Eighth District Court of Appeals. The appellate court judges have jurisdiction to hear all matters involving appeals taken from Cuyahoga County judgments. Plaintiff contends that the judges issued orders which plaintiff believes to be contrary to Ohio law. If these allegations are true, plaintiff's only remedy is an appeal from the order in

9

question to the Ohio Supreme Court. He does not have recourse against the appellate court judges for damages in a civil rights action.

Finally, plaintiff has not alleged sufficient facts to hold the remaining defendants liable in their individual capacities. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff has not alleged that any of the remaining defendants personally participated in his arrest, trial, conviction or appeal.

It is possible that he named the Ohio Governor, the Cuyahoga County Executive, the Mayor of Cleveland, the Cuyahoga County Prosecutor, the Cuyahoga County Medical Examiner, and the Cleveland Chief of Police as defendants simply because they employ or supervise other individuals who plaintiff believes to have violated his rights. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* Plaintiff must prove that these defendants did more than play a passive role in the alleged violations or show mere tacit approval of the actions of their employees. *Id*. Plaintiff must show that the supervisors somehow encouraged or condoned the behaviors. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There is nothing in the complaint which suggests that any of these defendants

personally engaged in behavior which violated plaintiff's constitutional rights. They cannot be held liable for damages in their individual capacities.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: November 7, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.